# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| ROSCO FOLENO JR., | ) |
| | ) **REPORT AND** |
| Plaintiff, | ) **RECOMMENDATION** |
| | ) |
| v. | ) Civil Action No. 2:06cv00039 |
| | ) |
| NORFOLK SOUTHERN | ) |
| RAILWAY COMPANY, | ) By: **PAMELA MEADE SARGENT** |
| | ) **United States Magistrate Judge** |
| Defendant. | |

This case was brought by Rosco Foleno Jr. against Norfolk Southern Railway Company, ("Norfolk Southern"), for alleged gender-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e-17, ("Title VII"). Foleno alleges that he was terminated from his job with Norfolk Southern on October 20, 2004, for allegedly sexually harassing and/or engaging in conduct unbecoming an employee with a female employee of Norfolk Southern. He claims that his termination was the result of gender-based discrimination because he was fired, while the female employee involved in the alleged unprofessional conduct was not disciplined. Foleno filed a complaint with the Equal Employment Opportunity Commission, ("EEOC"), on February 23, 2006, and the complaint was denied on March 23, 2006. This court has federal question jurisdiction over this dispute pursuant to 28 U.S.C. § 1331. Presently before the court is Norfolk Southern's motion to dismiss this case for the failure of the plaintiff to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Item No. 3), ("the Motion"). The

-1-

Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

For the purpose of the court's consideration of this motion, the facts alleged in the plaintiff's complaint will be accepted as true. Rosco Foleno Jr. began his employment with Norfolk Southern on or about May 24, 1977. By his own admission, Foleno's employment with Norfolk Southern in Norton, Virginia, was terminated on October 20, 2004, subject to his grievance hearing. Foleno was made aware of his termination on this date. This termination was the result of Foleno, allegedly, sexually harassing and/or engaging in conduct unbecoming an employee with a female Norfolk Southern employee. Foleno has asserted that his termination amounted to gender-based discrimination in violation of Title VII because the female employee was the instigator of the conduct and she was not disciplined. Foleno asserts that he was terminated simply because he was a male participant in the conduct.

Following notification of his termination by Norfolk Southern, Foleno engaged in a collectively bargained grievance procedure in an attempt to have the decision reconsidered. On December 20, 2005, Foleno lost his grievance and his termination was upheld. However, Foleno apparently did not receive notice that he had lost his grievance until February 13, 2006.

After losing his grievance, Foleno filed a Title VII charge of discrimination

with respect to his firing. This charge was filed with the EEOC on February 23, 2006. On March 23, 2006, the EEOC responded to Foleno with a letter of dismissal stating that Foleno's charge was not timely filed. Foleno received this notification on March 27, 2006. On June 22, 2006, Foleno filed suit in this court based on the same Title VII discrimination charge that was dismissed as untimely by the EEOC.

On July 20, 2006, Norfolk Southern filed their Motion. Foleno did not respond to this Motion. Instead, 15 days after the response deadline had passed, Foleno filed a motion for an extension of time to respond to Norfolk Southern's motion to dismiss, (Docket Item No. 6), ("Additional Time Motion"). The court granted the Additional Time Motion despite Foleno's tardiness, and Foleno then filed a response to Norfolk Southern's Motion, (Docket Item No. 8), ("Response").

Foleno's Response made some new factual assertions not previously included in his complaint. Foleno stated, by affidavit, that he was informed by a Local Chairman of the Brotherhood of Locomotive Engineers and Trainmen, ("Union"), S. L. Messick III, that he needed to wait and go through the grievance procedure with Union representatives and Norfolk Southern before he could take any other action. Messick was a Norfolk Southern employee; however, Foleno made no effort to determine Messick's position with Norfolk Southern. The information Foleno provided deals with Messick's role with the Union. Messick, as a Local Chairman, advised employees of their legal rights relative to their employment. Norfolk Southern clarified Messick's employment status with the company in their reply to Foleno's Response, (Docket Item No. 11), ("Reply"). Messick is simply a Locomotive Engineer with Norfolk Southern who does not

have a supervisory role with the company and is not authorized to speak on the company's behalf.

In addition, Foleno's Response asserts that he received some isolated payments from Norfolk Southern in early 2005 and again in early 2006. These payments were for unused vacation time and bonuses. Foleno states that receiving these payments must mean that Norfolk Southern still considered him an employee at some point during 2005. The court has considered this additional information, but finds that it is irrelevant to its ruling on Norfolk Southern's Motion.

## *II. Analysis*

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In considering such a motion, the court should accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff. *See, e.g., De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). However, the court need not accept as true the legal conclusions set forth in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). Furthermore, mere legal conclusions couched as factual allegations need not be accepted as true. *See Assa'Ad-Faltas v. Virginia*, 738 F. Supp. 982, 985 (E.D.Va. 1989) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

In order to grant the Motion, it must appear certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *See Conley v.*

-4-

*Gibson*, 355 U.S. 41, 45–46 (1957); *Edwards*, 178 F.3d at 243–44. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Gender-based employment discrimination is prohibited under 42 U.S.C. § 2000e-2(a)(1). However, to initiate a claim under this section, one must first file a claim with the EEOC within 180 days of the alleged unlawful practice. *See* 42 U.S.C.A. § 2000e-5(e)(1) (West 2003). This time period can be extended to 300 days "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 439 (4th Cir. 1998) (citing 42 U.S.C.A. § 2000e-5(e)(1) (West 2003)). The Fourth Circuit has noted that Virginia is a "deferral" state, and, thus, the limitations period for filing claims with the EEOC in Virginia is 300 days, which begins to run from the date of the alleged unlawful practice. *Tinsley*, 155 F.3d at 439–40.

Compliance with the filing period is not a jurisdictional prerequisite for filing a Title VII suit. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 396–98 (1982). The filing period is akin to a statute of limitations and is "subject to waiver as well as tolling when equity so requires." *Zipes*, 455 U.S. at 398. However, if a Title VII charge is not timely filed with the EEOC, a district court must dismiss the claim. *See Stroter v. Jefferson College of Health Sciences*, 2005 WL 2660421, at *1 (W.D.Va. Oct. 19, 2005) (citing *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004)). "[D]iscrete discriminatory acts are not actionable if time barred." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

113 (2002). Therefore, no recovery is available in federal court for any alleged misconduct that occurred more than 300 days prior to filing a charge with the EEOC. *See Williams*, 370 F.3d at 428.

The United States Supreme Court has held, in a situation similar to the case at bar, that participation in a collectively bargained grievance procedure does not toll the limitations period for bringing a Title VII charge. *See Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 235–36 (1976). The grievance procedure is simply a mechanism to reconsider the decision to terminate an employee. *See Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *Local 790*, 429 U.S. at 235–36. Furthermore, the Supreme Court has held that "entertaining a grievance . . . does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made." *Ricks*, 449 U.S. at 261 (emphasis in original). In addition, for a Title VII claim of discriminatory firing, the running of the limitations period starts when the person was informed that they were being fired, even if the impacts of that decision were not felt until later. *See Ricks*, 449 U.S. at 258. In other words, "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Ricks*, 440 U.S. at 258 (quoting *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979) (emphasis added)).

The Fourth Circuit also has held that the date upon which a person is informed of an allegedly discriminatory employment decision is the date from which the limitations period begins to run, regardless of when the impacts are felt.

-6-

*See Price v. Litton Bus. Sys., Inc.*, 694 F.2d 963, 965 (4th Cir. 1982). Furthermore, the Fourth Circuit has stated that "as a matter of law . . . the attempt to mitigate the harshness of a decision terminating an employee, without more, cannot give rise to an equitable estoppel." *Price*, 694 F.2d at 965. Equitable estoppel will not toll the limitations period unless the employee's delay in filing was the result of deliberate action by the employer or action that the employer "should unmistakably have understood would cause the employee to delay filing his charge." *Price*, 694 F.2d at 965. Mere hope for rehire or some sort of continuing relationship with the company is not enough to toll the limitations period. *See Price*, 694 F.2d at 965-66.

While courts may apply equitable doctrines in Title VII cases, they are to be used sparingly. *Morgan*, 536 U.S. at 113. In Title VII actions, generally the burden of proof is on the plaintiff to show that equitable tolling principles apply to excuse untimely filing of an EEOC charge. *See Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002); *Carter v. West Publ'g. Co.*, 225 F.3d 1258, 1265 (11th Cir. 2000).

From Foleno's complaint, it is clear that Foleno filed his charge with the EEOC on February 23, 2006. Therefore, any alleged employment discrimination redressable under Title VII must have occurred in the 300 days prior to February 23, 2006, for this filing to be considered timely by the EEOC. The only action by Norfolk Southern that Foleno asserts was discriminatory in violation of Title VII was his termination. Foleno specifically admits that he was informed of his termination on October 20, 2004. This date is 491 days prior to his filing an EEOC charge. To fall within the 300-day limitation period, Foleno would need to have

-7-

alleged an act of discrimination falling after April 28, 2005.

Instead, the facts alleged by Foleno demonstrate that he failed to timely file his Title VII charge with the EEOC within 300 days of the allegedly discriminatory conduct. Based on Supreme Court and Fourth Circuit precedent, participation in a grievance procedure is not an excuse for failing to timely file a complaint with the EEOC. *See Ricks*, 449 U.S. at 261; *Local 790*, 429 U.S. at 236; *Price*, 694 F.2d at 965. Therefore, there is no recovery available in federal court for this alleged misconduct, and this court must dismiss the claim. *See Morgan*, 536 U.S. at 113; *Williams*, 370 F.3d at 428; *Stroter*, 2005 WL 2660421, at *1. Therefore, based on the facts alleged by Foleno in his complaint, he fails to state a claim upon which relief may be granted.

Furthermore, Foleno has failed, in his complaint, Additional Time Motion or Response, to allege any valid basis on which this court should disregard the limitations period, such as waiver, estoppel or equitable tolling. *See Stroter*, 2005 WL 2660421, at *1. At this stage, Foleno has the burden to allege facts, which if true, would allow the court to disregard the limitations period. Foleno has failed to assert any justification for his delay in his complaint, except that he was participating in a grievance procedure. As the Supreme Court and the Fourth Circuit have held, participation in a grievance procedure does not toll the limitations period. *See Ricks*, 449 U.S. at 258–61; *Local 790*, 429 U.S. at 235–36; *Price*, 694 F.2d at 965. Furthermore, as a matter of law, any actions by Norfolk Southern to attempt to mitigate the harshness of an employment decision or any hope by Foleno for a continued employment relationship cannot give rise to equitable estoppel. *See Price*, 694 F.2d at 965.

Foleno admits that he was informed of his termination on October 20, 2004. This is the date from which the limitations period would have started to run, unless Foleno can establish that his delay in filing was the result of deliberate action of Norfolk Southern or action that Norfolk Southern should clearly have known would result in Foleno delaying his filing. Foleno fails to assert any such action on the part of Norfolk Southern in his complaint. Furthermore, Foleno's counsel admits that Foleno's complaint fails to state a claim upon which relief may be granted. In Foleno's own Additional Time Motion his counsel asserts that "counsel was unaware of any plausible defense to defendant's Motion to Dismiss." (Additional Time Motion at 2.) Therefore, not only has Foleno failed to establish any grounds for an equitable tolling of the limitations period, but also he has admittedly failed to state a claim upon which relief may be granted.

Foleno, in his Response, has asserted some new facts in an attempt to alter the clear result of the law on this case. His Additional Time Motion and his Response attempt to offer some justifications for his failure to timely file with the EEOC. In these filings, Foleno asserts two new allegations: that he was still receiving checks from Norfolk Southern in early 2005 and 2006, and that he was given poor advice from Messick, who was a Union leader and a fellow Norfolk Southern employee. Neither of these assertions change the fact that Foleno was informed of his termination on October 20, 2004, and failed to file a timely claim with the EEOC. Foleno does not offer any statute or case law that supports the assertion that either of these new allegations justify an application of waiver, estoppel or equitable tolling principles to the 300-day limitation period for filing an EEOC charge.

-9-

Case 2:06-cv-00039-GMW-PMS   Document 13   Filed 10/11/06   Page 9 of 14   Pageid#: 68

The continued payments relied on by Foleno, by Foleno's own affidavit, resulted from Norfolk Southern paying off Foleno's unused vacation time and from bonuses based on his previous service with the company. Foleno does not allege that these payments were actual salary, and these types of payments do not indicate any sort of a continuing employment relationship. Norfolk Southern asserts that these were payments which they were required to make to terminated employees based on their collective bargaining agreement. The check dated February 3, 2005, was a bonus check for work performed in 2004. The check dated March 4, 2005, was for unused vacation time from 2003 that was not taken in 2004. The check dated March 18, 2005, was for unused vacation time from 2004 that was not taken in 2005. The check dated February 3, 2006, was a bonus required to be paid based on the payments for unused vacation time made in 2005. Based on the notations on the payment stubs submitted by Foleno, it is clear that these payments were not continued salary payments and do not indicate that Norfolk Southern was still considering him an employee. In fact, they indicate the opposite; Norfolk Southern was severing all ties with Foleno because they deemed him unconditionally terminated. In addition, any action by Norfolk Southern to mitigate the harshness of an employment decision cannot, as a matter of law, give rise to equitable estoppel. *See Price*, 694 F.2d at 965.

Furthermore, based on firmly established Supreme Court and Fourth Circuit precedent, the continued receipt of payment is irrelevant. *See Ricks*, 449 U.S. at 257; *Price*, 694 F.2d at 965. Even continued employment does not toll the limitations period; the alleged discrimination occurred when Foleno was informed that he was to be fired, even if the effects of that decision were not felt until a later date. *See Ricks*, 449 U.S. at 258. Therefore, the date that Foleno was notified of

Case 2:06-cv-00039-GMW-PMS   Document 13   Filed 10/11/06   Page 10 of 14   Pageid#: 69

his termination is the relevant time at which the limitations period began to run under 42 U.S.C. § 2000e-5(e)(1). Even if Foleno's termination was subject to a grievance procedure before it was finalized, he was aware that he had been fired as of October 20, 2004.[1] Had Foleno not pursued a grievance, his termination would have been final as of that date. Therefore, this was the date of the discriminatory act under 42 U.S.C. § 2000e-2(a)(1), and, pursuant to 42 U.S.C. § 2000e-5(e)(1), this is the date upon which the limitations period began to run.

Besides the vacation time payments, Foleno also appears to be suggesting that Norfolk Southern contributed to his delay in filing. Foleno's evidence that Norfolk Southern was at fault is based on an affidavit alleging that he was informed by Messick, who, by Foleno's own affidavit, was a Union Local Chairman and an employee of Norfolk Southern, that Foleno needed to wait until after the grievance procedure had concluded to pursue other remedies. By Foleno's own admission, Messick's position with the Union was to advise people like Foleno of their employment rights from the perspective of the Union.

There is absolutely no information provided that Messick was in any way authorized to act or speak on behalf of Norfolk Southern, or that he had a position with Norfolk Southern that would allow Foleno to believe he was authorized to speak for the company. In fact, Norfolk Southern has asserted just the opposite.

---

[1] Foleno has not asserted any credible theory as to why Norfolk Southern would possibly still be considering him an employee rather than someone who was fired and being paid for unused leave time under the collective bargaining agreement. There is no evidence that he thought he was still employed by Norfolk Southern. In fact, the opposite is true. Foleno admits that he was fired on October 20, 2004, and there are no facts alleging that he ever set foot at his former place of work after that date, or that he received any salary for work performed after that date.

-11-

The affidavit of Norfolk Southern's Assistant Director of Labor Relations, Christopher Decker, states that Messick was not in any supervisory position and had no authority to speak for the company. (Decker Affidavit at 1.) The only rational explanation as to why Foleno would give any credence to the statements made by Messick is that Messick was a Union official. Foleno received bad advice from the Union, not from Norfolk Southern.

The Union is an organization separate from, and often adverse to, the company. Norfolk Southern has no control over bad advice the Union provides to its members. Foleno and his fellow Union members are responsible for who they elevate to leadership positions within the Union. Norfolk Southern is not responsible for their poor decisions. Therefore, Norfolk Southern cannot, and should not, be held responsible for the bad acts of the Union and its representatives.

The new information asserted by Foleno in his Response to Norfolk Southern's Motion is simply a failed attempt to get around the fact that he did not timely file a complaint with the EEOC. It is insufficient as a matter of law to establish any waiver, equitable estoppel or tolling of the limitations period. Therefore, Foleno has failed to state a claim upon which relief may be granted.

### III. Proposed Findings of Fact and Conclusions of Law

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations.

-12-

Case 2:06-cv-00039-GMW-PMS   Document 13   Filed 10/11/06   Page 12 of 14   Pageid#: 71

1. On October 20, 2004, Foleno was informed that he had been terminated from his job with Norfolk Southern for alleged conduct unbecoming an employee;
2. Foleno participated in a collectively bargained grievance procedure to appeal his firing, which was unsuccessful;
3. Foleno filed a Title VII charge with the EEOC on February 23, 2006, 491 days after being informed of his termination;
4. On March 23, 2006, Foleno's charge filed with the EEOC was denied because it was not timely filed;
5. Title 42 U.S.C. § 2000e-5(e)(1) requires that a charge under Title VII must be filed within 180 days, or within 300 days in a referral state, of the alleged unlawful practice;
6. Virginia is a referral state under Title VII; thus, Foleno had 300 days to file his charge with the EEOC;
7. This court must dismiss a claim and not allow recovery if a charge is not timely filed with the EEOC;
8. Participation in a collectively bargained grievance procedure does not toll the limitations period for filing with the EEOC;
9. The fact that Foleno received checks from Norfolk Southern after his termination does not have any bearing upon the date the limitations period began to run;
10. The statements made to Foleno by Messick were false statements from Foleno's Union, not from Norfolk Southern, and they have no impact on the running of the limitations period;
11. Foleno has not asserted any legitimate grounds for equitable estoppel or tolling of the limitations period;
12. Therefore, Foleno had 300 days from October 20, 2004, to file his charge with the EEOC and failed to do so; and
13. Because Foleno slept on his claim and did not file with the EEOC within the limitations period, he cannot recover in this court, and, thus, has failed to state a claim.

*IV. Recommended Disposition*

Based on the above stated reasons, I recommend that the court grant Norfolk Southern's Motion, (Docket Item No. 3), and dismiss the plaintiff's claim.

-13-

## V. Notice To Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all counsel of record.

**DATED:** This 11th day of October 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE